IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:05-CR-62-2D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMIL RAJA RAHMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On December 20, 2005, defendant Jamil Raja Rahman ("defendant") filed a motion to sequester the government's witnesses pursuant to Rule 615 of the Federal Rules of Evidence. Specifically, the motion requested an order:

> (1) sequestering all witnesses the Government intends to call during trial, and
> (2) prohibiting the Government's prosecutor, case agent(s), and/or previously called witnesses from revealing anything about the trial testimony to other of the Government's investigators or non-law enforcement witnesses who will be Government witnesses at trial.

Def. Mot. 1. On January 6, 2006, the government responded, indicating that it "does not oppose sequestration of witnesses." Gov. Resp. 1. The government clarified, however, that the sequestration process should not interfere with its right to ask questions of and consult witnesses who have yet to testify after the trial has commenced. Id. at 1-2. Rather, it should only prevent the government from informing a witness who has yet to testify what another witness has already said at trial. Id. at 2.

Rule 615 "requires the trial court, at the request of a party, to sequester [] witness[es]." United States v. Farnham, 791 F.2d 331, 334 (1986). The language of the rule itself states that the court "shall" sequester witnesses at the request of a party. Fed. R. Evid. 615. The court may allow the government to designate an agent to remain in the courtroom during trial, however, even if the agent will testify. See Farnham, 791 F.2d at 334.

Accordingly, defendant's motion to sequester is GRANTED. All witnesses (whether called by the government or defense) shall be sequestered and each party is prohibited from revealing previous trial testimony to any witnesses who have yet to testify at trial. The government, however, shall be permitted to designate and have present an investigative agent during the entirety of the trial, regardless of whether he or she will testify. See Fed. R. Evid. 615. Likewise, the defendant (of course) shall be permitted to be present during the entirety of the trial. See id. This order also does not prevent either party from speaking with witnesses during trial who have yet to take the stand, but it does preclude either party from disclosing to those witnesses the testimony of witnesses who have already appeared. See United States v. Rhynes, 218 F.3d 310, 318-21 (4th Cir. 2000) (en banc).

SO ORDERED. This the 11 day of January, 2006.

JAMES C. DEVER III
United States District Judge